A02A0217. ESTATE OF ANDERSON et al. v. MARTIN MARIETTA MATERIALS, INC. et al.

(567 SE2d 33)

MILLER, Judge.

Musa Anderson (administrator of Jut Anderson's estate) and others appeal from the trial court's order granting summary judgment to Martin Marietta Materials, Inc. ("Martin Marietta") and CSX Transportation, Inc. ("CSXT") on plaintiffs' claims under the Federal Employers' Liability Act ("FELA"). 45 USC § 51 et seq. Appellants contend that the trial court erred by finding (1) that Jut Anderson was not an employee of CSXT, thereby shielding CSXT from liability under the FELA, and (2) that Martin Marietta was not a common carrier subject to liability under the FELA. We discern no error and affirm.

Viewed in the light most favorable to plaintiffs, the evidence reveals that Jut Anderson died after suffering severe injuries on his job. Anderson, a Martin Marietta employee since 1974, was injured while cleaning a Martin Marietta rail scale located on a sidetrack owned and maintained by Martin Marietta. The sidetrack was connected to CSXT's main rail line, but was used solely for moving Martin Marietta product to be delivered to CSXT for transport. Martin Marietta employees would switch the CSXT rail cars onto the Martin Marietta sidetrack to facilitate the loading of the rail cars. The portion of the sidetrack where the accident occurred was located entirely

---

[5] *Brown v. Thomas*, 257 Ga. 68, 69 (2) (354 SE2d 830) (1987).
[6] *In re Irvin*, supra.

on Martin Marietta's property. Martin Marietta is not licensed to operate as a railway company.

The process of loading the CSXT rail cars consisted of CSXT delivering empty rail cars to Martin Marietta's Camak quarry, where they were loaded with crushed stone by Martin Marietta employees. Once loaded, the cars were dropped into a storage area before being weighed. A loader was used to push the cars forward so that they would couple to a Martin Marietta locomotive parked in front of the scales. Before being moved from the quarry, the filled rail cars were weighed on a scale owned by Martin Marietta. A Martin Marietta locomotive then moved the cars on the sidetrack to a point where they were deposited for CSXT to pick up for transport on CSXT's main line.

In order to facilitate this process of loading and weighing CSXT cars on the Martin Marietta sidetrack, Martin Marietta and CSXT entered into a "Sidetrack Agreement." Under the agreement, Martin Marietta was required to "own and maintain in a manner satisfactory to the Chief Engineer of [CSXT], a weigh-in-motion track scale in the . . . Sidetrack. . . ." However, there is no mention in the agreement of CSXT having any supervisory authority whatsoever over any of Martin Marietta's employees or the ability to use Martin Marietta's scale.

On the day of his injury, Anderson was employed as the lead man for Martin Marietta's load-out crew. He was cleaning one of the rail scales while a locomotive with ten loaded rail cars was approximately three feet behind him. When another Martin Marietta employee moved four additional rail cars to couple with the ten other cars attached to the locomotive, the impact caused the locomotive to roll forward, fatally injuring Anderson.

The administrator of Anderson's estate and others sued Martin Marietta and CSXT under the FELA. Martin Marietta and CSXT moved for summary judgment, which the trial court granted, and plaintiffs now appeal.

1. Appellants argue that, contrary to the trial court's findings, Anderson was actually an employee of CSXT at the time of his injury. We find this contention to be without merit.

On appeal from the grant of summary judgment, we conduct a de novo review of the evidence, viewed in the light most favorable to the nonmovant, to determine whether a genuine issue of material fact remains and whether the moving party is entitled to judgment as a matter of law. *Rubin v. Cello Corp.*, 235 Ga. App. 250-251 (510 SE2d 541) (1998).

Under the FELA, "[e]very common carrier by railroad . . . shall be liable in damages to any person suffering injury *while he is employed by such carrier. . . .*" (Emphasis supplied.) 45 USC § 52.

> Under common-law principles, there are basically three methods by which a plaintiff can establish his "employment" with a rail carrier for FELA purposes even while he is nominally employed by another. First, the employee could be serving as the borrowed servant of the railroad at the time of his injury. Second, he could be deemed to be acting for two masters simultaneously. Finally, he could be a subservant of a company that was in turn a servant of the railroad.

(Citations omitted.) *Kelley v. Southern Pacific Co.*, 419 U. S. 318, 324 (II) (95 SC 472, 42 LE2d 498) (1974).

The evidence is clear that Anderson was an employee of Martin Marietta and not CSXT. Anderson had been an employee of Martin Marietta since 1974 and was never employed by CSXT. There is no evidence that CSXT had control over Anderson or over any other Martin Marietta employees or that CSXT was affiliated with Martin Marietta in any way other than as that of a business partner. There is no evidence that CSXT owned Martin Marietta or had any sort of controlling interest in the company. The trial court did not err in granting summary judgment to CSXT.

2. Appellants further argue that the trial court erred by granting summary judgment to Martin Marietta, because the court erroneously concluded that Martin Marietta was not a "common carrier" under the FELA. We disagree with Anderson and affirm the judgment of the trial court.

A "common carrier by railroad" under the FELA is "one who operates a railroad as a means of carrying for the public, — that is to say, a railroad company acting as a common carrier." *Wells Fargo & Co. v. Taylor*, 254 U. S. 175, 187 (3) (41 SC 93, 65 LE 205) (1920); see also *Thaxton v. Norfolk Southern R. Co.*, 239 Ga. App. 18, 20-21 (1) (520 SE2d 735) (1999). "The term 'common carrier' . . . shall include the receiver or receivers or other persons or corporations charged with the duty of the management and operation of the business of a common carrier." 45 USC § 57.

There is no evidence that Martin Marietta operated a railroad as a means of transporting the public. It merely operated a locomotive on its own property to load rail cars with its own product. There is no evidence that Martin Marietta had any ownership interest in CSXT. The undisputed facts establish that Martin Marietta operated its own business separate from that of the common carrier CSXT and in no way operated a public rail service. Since there is no evidence that Martin Marietta is a common carrier as that term is defined under the FELA, the trial court properly granted summary judgment to Martin Marietta.

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED JUNE 4, 2002 —
RECONSIDERATION DENIED JUNE 17, 2002 — 

*John M. Brown*, for appellants.
*Hill & Bleiberg, Gary Hill, Fulcher, Hagler, Reed, Hanks &
Harper, James W. Purcell, Amy R. Snell*, for appellees.